UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x

GREVY GERARD PIERRE-LOUIS,

        Petitioner,

    - v. -

UNITED STATES,
        Respondent.

------------------------------------- x

16 Cr. 541 (CM) /
20 Cv. 3010 (CM)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/7/21

## ORDER REGARDING ATTORNEY-CLIENT PRIVILEGE WAIVER (INFORMED CONSENT)

WHEREAS Defendant Grevy Gerard Pierre-Louis ("Pierre-Louis" or the "Defendant") has filed a motion pursuant to 28 U.S.C. § 2255 on the ground, among others, that certain of Defendant's former counsel, specifically James Branden, Esq.; Conor McNamara, Esq., and Russ Kofman, Esq., (hereafter, "Counsel") provided ineffective assistance in connection with Defendant's entry of a guilty plea and appeal;

WHEREAS the Government, after reviewing the motion papers, has concluded that Counsel's testimony will be needed in order to allow the Government to respond to certain aspects of the motion;

WHEREAS the Court, after reviewing the motion papers, is satisfied that Counsel's testimony is needed in order to allow the Government to respond to the motion;

WHEREAS the Court is cognizant that, absent court order or informed consent, ethical concerns may inhibit Counsel from disclosing confidential information relating to a prior client even in the absence of a privilege, *see, e.g.,* ABA Standing Comm. on Ethics and Prof.

1

Responsibility Formal Op. 10-456 (July 14, 2010), *Disclosure of Information to Prosecutor When Lawyer's Former Client Brings Ineffective Assistance of Counsel Claim*; and

WHEREAS by making the motion, the Defendant has waived as a matter of law the attorney-client privilege with respect to the issues necessary to resolve his motion;

IT IS HEREBY ORDERED that Counsel, within 45 days of the date of this Order, shall serve on the United States Attorney's Office for the Southern District of New York an affidavit addressing specifically (1) for Mr. Branden, whether or not he advised the defendant that his sentencing exposure would be capped at 15 years, and whether or not he advised the defendant to agree with all statements made by the Court during his plea allocution; and (2) for Mr. McNamara and Mr. Kofman, whether or not they received a request to file a notice of appeal after sentencing from the defendant and, if so, what response was made to that request; and it is further

ORDERED that Defendant Grevy Gerard Pierre-Louis execute and return to this Court, within 30 days of the date of this Order, the accompanying "Attorney-Client Privilege Waiver (Informed Consent)" form. If the document is not received by the Court by that date, the Court will deny the motion, on the ground that the movant failed to authorize the disclosure of information needed to permit the Government to respond to the motion.

Dated: New York, New York
January 7, 2021

HONORABLE COLLEEN MCMAHON
UNITED STATES CHIEF JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------- x

GREVY GERARD PIERRE-LOUIS,
  a/k/a "Cadillac Slim,"
  a/k/a "Caddy,"
         Petitioner,

            16 Cr. 541 (CM) /
            20 Cv. 3010 (CM)

    - v. -

UNITED STATES,
         Respondent.

---------------------------------------- x

### Attorney-Client Privilege Waiver (Informed Consent)

**To: Defendant Grevy Gerard Pierre-Louis. (Reg. No. 13828-104):**

    You have made a motion based, in part, on the ground that you received ineffective assistance from your former lawyers, James Branden, Conor McNamara, and Russ Kofman, Esq. ("your former attorneys"). The Court has reviewed your papers and determined that it needs your former attorneys' testimony in order to evaluate your motion.

    By making this motion, you have waived the attorney-client privilege you had with James Branden, Conor McNamara, and/or Russ Kofman, Esq. to the extent relevant to determining your motion. This means that if you wish to press your motion, you cannot keep the communications between yourself and your former attorneys a secret—you must allow them to be disclosed to the Government and to the Court pursuant to court order. The Court has already issued an Order (copy attached) ordering your former attorneys to provide an affidavit to the Government. Additionally, the Government may discuss with your former attorneys communications between each of them and you regarding your criminal case and subsequent appeal, consistent with your waiver of the attorney-client privilege by making your motion. This Informed Consent form is designed to ensure that you fully understand and agree to this.

    If you wish to proceed with your motion, you must sign this statement and return it to the Court. The form constitutes your authorization to your former attorneys to disclose confidential communications: (1) in response to a Court order; and (2) to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by your motion.

You should know that if you sign this authorization, you run the risk that your former attorneys will contradict your statements about their representation of you. However, you should also know that the Court may deny your motion if you do not authorize your former attorneys to testify in this matter.

You must return this form, signed by you, within 30 days of the date of the accompanying Order. If the Court does not receive this form, signed by you, within that time, the Court may deny your motion.

### AUTHORIZATION

I have read the Court's Order dated _____, 2021 and this document headed Attorney-Client Privilege Waiver (Informed Consent). I hereby authorize my former counsel, James Branden, Conor McNamara, and Russ Kofman, Esq. to testify in this matter only pursuant to court order, and only to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by my motion.

Dated: _____

_____
Grevy Gerard Pierre-Louis

2